IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY D. WILLIAMS,<br>      Plaintiff,<br><br>    v.<br><br>DET. WILLIAM CHESTER #154;<br>LT. J. MCCORMICK #136;<br>ASSISTANT PROSECUTOR<br>DORIS M. GALUCHIE,<br>      Defendants. | No. 08-CV-4178 |

**MEMORANDUM**

September 30, 2009                                                                      Pollak, J.

Plaintiff Gary Williams brought suit asking the court to grant damages for violation of his Fourth Amendment rights due to the issuance of an allegedly defective warrant in Lawrence Township, New Jersey. Detective William Chester and Lieutenant J. McCormick of the Lawrence Township Police Department were named as defendants, along with Doris Galuchie, Assistant Prosecutor of Mercer County, New Jersey. Before this court and ripe for disposition is defendant Galuchie's motion to dismiss (docket no. 9) for lack of personal jurisdiction.

1

I.   **BACKGROUND**

The plaintiff, Gary Williams, acting *pro se,* filed a complaint alleging that his Fourth Amendment rights have been violated.  Williams claims that, on February 11, 2006, he and his wife[1] were stopped by a police officer in Clinton Township, New Jersey[2] for driving with a faulty breaklight.  Compl. ¶ 1.  Williams alleges that because his wife, the driver, was unable to show identification, Williams was asked to provide his identification.  *Id.*  Williams asserts that the unidentified police officer then arrested him because of outstanding warrants against him from Lawrence Township, New Jersey, and Sylvester, Georgia.  Compl. ¶ 1; Statements of Facts, page 1, appended to Motion to Request Counsel Filed May 11, 2009 (hereinafter Statement of Facts).  Williams claims that the warrants from New Jersey alleging that he committed theft by deception were erroneously issued because the photograph attached to the warrant did not portray Williams.  Compl. ¶ 1.  He asserts that due to this error he was held for a period of four months.  *Id.*  Williams further alleges that he pled guilty to the charges contained in the New Jersey warrant, in exchange for a sentence limited to time served, because he feared

---

[1] Williams has described the person he was with as both his "wife" and his "friend." *Compare* Compl. ¶ 1 *with* Statements of Facts, page 1, appended to Motion to Request Counsel Filed May 11, 2009.

[2] The complaint fails to specify where Williams was initially arrested.  Compl. ¶1. However, Williams has filed a "statement of facts" which clarified that the arrest occurred in New Jersey.  Statements of Facts, page 1, appended to Motion to Request Counsel Filed May 11, 2009.   The court will consider this statement of facts, in addition to the complaint, in evaluating the motion to dismiss in order to fulfill the duty of the court to give Williams' pro se filings the liberal construction necessary to do substantial justice.  *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing FED. R. CIV. P. 8(f)).

he was in imminent danger in prison. Statements of Facts, page 3. Defendant Galuchie's alleged involvement was that she was the prosecutor who "believed" that Mr. Williams committed theft by deception. Statements of Facts, page 2.

Williams alleges he was later arrested in Philadelphia, Pennsylvania on July 17 of 2007 because of the warrants issued in Georgia. Statements of Facts, page 1. Williams does not allege that this arrest was connected to the New Jersey arrest warrants and criminal proceedings or to any conduct by defendants in this suit.

On March 12, 2009, defendant Doris Galuchie, acting *pro se*, filed a motion to dismiss for lack of personal jurisdiction. Galuchie asserts that she is a resident of New Jersey and the events in question took place took place only in the state of New Jersey. Certification in Support of Motion to Dismiss ¶ 2-3.

Williams has not filed an answer to Galuchie's motion to dismiss. Since the filing of the motion to dismiss, Williams attended a pretrial conference with Magistrate Judge M. Faith Angell (docket no. 11), and filed a motion to have counsel appointed (docket no. 14), which Magistrate Judge Angell denied. Appended to Williams' motion was a statement of facts about his claims that elaborated on the factual allegations in his complaint. At the pretrial conference, Williams indicated that he was willing to voluntarily dismiss the complaint. Judge Angell's Order of April 30th, 2009 (docket no. 13). Following the pretrial conference, Williams filed a motion for reconsideration of the denial of his motion for appointment of counsel, with the same statement of facts and

additional argument attached.  *See* Motion for Reconsideration Filed June 22, 2009 (docket no. 16).  In this document, Williams withdrew his consent to a voluntary dismissal.  *Id.* at 1.

## II.	ANALYSIS

*A. Williams' Failure to Respond to Galuchie's Motion to Dismiss*

Despite Williams' failure to specifically answer Galuchie's motion to dismiss, the merits of the motion will be considered.  Local Rule 7.1 provides that, with the exception of a motion for summary judgment, "[i]n the absence of a timely response, [a] motion may be granted as uncontested."  E.D. Pa. R. 7.1(c).  However, the Third Circuit has held that a motion to dismiss should not be granted merely because the non-movant has failed to file a timely answer.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).  Instead, the court should consider the merits of the motion using what filings it has available.  *Id.*  Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.  *Pension Benefit Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993).  Because Williams has failed to file an answer to the motion to dismiss, the merits of the motion will be determined using the filings he has provided to date, most importantly the complaint.

*B. Review of the Court's Personal Jurisdiction Over Defendant Galuchie*

The plaintiff bears the burden of establishing a court's jurisdiction.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*,

292 F.3d 361, 368 (3d Cir. 2002)).  Here, the court has not held an evidentiary hearing.  Thus, the plaintiff need only establish a prima facie case of personal jurisdiction while taking the plaintiff's factual allegations as true and while resolving all factual disputes in the plaintiff's favor.  *Id.* (citing *Pinker*, 292 F.3d at 368).

A federal district court can only exercise personal jurisdiction over nonresident defendants if the courts of the state where the district court sits would also have personal jurisdiction over the defendants.  *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).  If the state long-arm statute authorizes jurisdiction, then the court must analyze whether exercise of jurisdiction would offend the Due Process Clause of the Fourteenth Amendment.  *Id.*  The due process limitations on the exercise of personal jurisdiction over a defendant are satisfied when the defendant has purposefully established sufficient minimum contacts with the forum and the exercise of jurisdiction comports with notions of fair play and substantial justice.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).  There are two variants of personal jurisdiction, specific and general jurisdiction.  *D'Jamoos*, 566 F.3d at 102.  Pennsylvania treats each basis differently.

> 1. The Court does not have Specific Personal Jurisdiction over Defendant Galuchie

The Pennsylvania long-arm statute authorizes Pennsylvania courts to exercise specific jurisdiction up to the limits imposed by the Due Process Clause of the Fourteenth

Amendment to the Constitution. 42 PA. CONS. STAT. ANN. § 5322(b).

The Third Circuit construes the Due Process Clause as having three requirements for the exercise of specific jurisdiction. In order for specific jurisdiction to exist, there must be 1) activity of the defendant purposefully directed at the forum, 2) the litigation must arise out of or relate to one or more of these activities, and 3) the exercise of jurisdiction must comport with "fair play and substantial justice." *D'Jamoos*, 566 F.3d at 102-03. The first two parts determine where there are sufficient minimum contacts such that the defendant could be said to have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." *Id.* The fact that the defendant could have foreseen his conduct would have consequences in another state is not enough to establish jurisdiction, but rather the contacts must enough that the defendant "should reasonably anticipate being haled into court there." *Id.* at 105 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Williams' complaint and subsequently filed statement of facts do not establish a prima facie case that the court has personal jurisdiction over defendant Galuchie. The only event addressed in Williams' filings that occurred in the forum is his arrest in July of 2007 due to outstanding warrants issued in the State of Georgia. This event does not help Willaims satisfy either of the first two requirements for personal jurisdiction–purposeful direction and relatedness. The Pennsylvania arrest was not directed by Galuchie, as Williams has only alleged she was involved in the charges and warrants issued in New

Jersey.  Nor do the events in New Jersey establish any relation between Galuchie and the forum.  The only common connection between the Pennsylvania arrest and the New Jersey arrest was that during both arrests Williams had outstanding warrants from the State of Georgia.  Because Williams has not established that Galuchie had directed any of her activities related to this litigation at the forum, the minimum contacts required for specific jurisdiction are not present.  Because minimum contacts do not exist, the court need not address whether the exercise of jurisdiction would be reasonable.

> 2.  The Court does not have General Personal Jurisdiction over Defendant Galuchie

Pennsylvania law only authorizes a court to exercise general jurisdiction over individuals when they are present in the state when process is served, domiciled in the state when process is served, or consent to general jurisdiction.  42 PA. CONS. STAT. ANN. § 5301(a)(1).  In the present case, Williams has not alleged presence or domicile in the state at the time of service nor has he alleged that Galuchie consented to jurisdiction.  Galuchie has averred without contradiction that she is a resident of New Jersey.  Because Pennsylvania law does not authorize its courts to exercise general personal jurisdiction in this situation, this court lacks jurisdiction and it need not address whether due process would be offended by the exercise of general jurisdiction.  Williams has not presented a prima facie case that the court has general jurisdiction over defendant Galuchie.

> C.  *The Court has Authority to Either Dismiss or Transfer the Complaint*

A district court that does not have jurisdiction may "if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Section 1631 is the proper statute to order transfer if the court lacks personal jurisdiction. *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 506 (E.D. Pa. 2004). The appropriate transferee court would be the court where the action could have been brought originally. *Id.*

The court finds that the action should be transferred to the District of New Jersey. A court in the District of New Jersey would have personal jurisdiction over defendant Galuchie as it is her place of residence. In addition, the events that form the basis of the lawsuit, the issuance of the arrest warrants, one arrest, and further criminal proceedings all occurred in New Jersey. Thus the requirement of personal jurisdiction would be satisfied.

In addition, the District of New Jersey would be a proper venue for Williams' suit. A claim that does not rely on diversity subject matter jurisdiction has proper venue:

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The events giving rise to the claim almost all happened in New Jersey, including the entirety of Galuchie's alleged involvement in the criminal

8

proceedings against Williams. This provides proper venue under § 1391(b)(2).

A transfer may be done in the interests of justice because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.' " *Lawman Armor Corp.*, F. Supp. 2d at 507 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Williams' most recent filing indicates his desire to continue with the lawsuit. (Docket no. 16). A transfer would save all parties the time-consuming and costly process of having Williams file a new complaint in the nearby District of New Jersey.

### III.    Conclusion

For the reasons stated above, the motion of defendant Doris Galuchie to dismiss plaintiff's complaint for lack of personal jurisdiction over defendant Galuchie will be granted with respect to all claims against defendant Galuchie. However, instead of dismissal, the court orders the action be transferred to the District of New Jersey. An appropriate order accompanies this memorandum.